IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BABA DIONE,

     Petitioner,

v.                                         No. 2:26-cv-00942-KG-JHR

DORA CASTRO, et al.,

     Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner Baba Dione's Motion for a Temporary Restraining Order ("TRO"), Doc. 5, and the Government's Response, Doc. 10.  Because the Court has repeatedly considered the Government's arguments in near-identical cases, a hearing is unnecessary.  The Court grants Petitioner's motion and orders the Government to release him.

### I.    *Background*

Petitioner, a native and citizen of Senegal, entered the United States in 2023 without inspection or parole.  Docs. 1 at 5, 5 at 5.  He timely applied for asylum based on alleged persecution in Senegal.  Doc. 1 at 6.  For the past two and a half years, Petitioner has lived in New York and worked as a delivery person.  Doc. 5 at 5.  He has no criminal history.  *Id.*

On November 18, 2025, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner "without notice or explanation" when he appeared for a routine check-in.  *Id.* at 6; Doc. 1 at 6.  An immigration judge denied his bond request, concluding that it lacked jurisdiction to hear the claim and, in the alternative, that no sponsor documentation had been provided.  *Id.*  Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico, awaiting his individual merits hearing on his asylum claim.  *Id.* at 7.

Petitioner argues his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause and that he will suffer irreparable harm absent a TRO. Doc. 5 at 11–12. He therefore seeks immediate release. *Id.* at 19.

## II.    Standard of Review

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors" should "weigh in" the petitioner's favor, *Sierra Club. v. Bostick*, 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018).

## III.    Analysis

For the reasons below, the Court concludes that (A) Petitioner is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

### A.    Petitioner is likely to succeed on the merits of his petition.

Petitioner is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A). The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and

2

are "not clearly and beyond a doubt entitled to be admitted."  In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings.  § 1225(b)(2)(A).  "This provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 consistent district-court decisions nationwide).  Here, Petitioner entered the United States in 2023 and was arrested in the interior.  Because Petitioner had already affected an entry and was not seeking admission at the time of his arrest, § 1226(a) governs his detention.

Petitioner is also likely to succeed on his due process claim.  The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5

3

(D.N.M.). His detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.*

### B.    *Petitioner will face irreparable harm without injunctive relief.*

Petitioner's detention causes irreparable harm because the "infringement of a constitutional right" is per se irreparable harm. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 805 (10th Cir. 2019).

### C.    *The equities and public interest favor relief.*

Finally, any burden on the Government to release Petitioner from custody and hold a pre-deprivation hearing is minimal compared to the harm that he suffers in detention. While the Government has an interest in securing Petitioner's appearance at immigration proceedings, detention has been unnecessary to carry out that interest: Petitioner has complied with immigration conditions, has no criminal history, and timely pursued an asylum claim. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Melendez Aldarozo v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4. The public interest also weighs in his favor; it is "not in the public's interest to allow unexplained detention." *Domingo*, 2025 WL 2941217, at *4.

## IV.    Conclusion

This TRO restores and preserves the status quo ante pending further proceedings. IT IS THEREFORE ORDERED that:

1. Petitioner's request for a Temporary Restraining Order, Doc. 5, is granted.

2. The Government must release Petitioner within 24 hours of this order. Upon release, the Government may not subject him to post-release monitoring or supervision not in place before his detention.

3. The Government is restrained from redetaining Petitioner unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner is a danger or flight risk.

4. This order has effect for 28 days for good cause shown. Fed. R. Civ. P. 65(b)(2).

5. Given the important constitutional rights at stake for Petitioner, no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (district courts have "wide discretion" to determine "whether to require security").

6. The Court reserves ruling on the merits of the habeas petition.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.